[Cite as *Cleveland v. Hess*, 2023-Ohio-1147.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 112126 |
| v. | : | |
| ERIC A. HESS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 6, 2023

Criminal Appeal from the Cleveland Municipal Court
Case No. 2020-CRB-012421

***Appearances:***

Mark Griffin, Cleveland Director of Law; Aqueelah A. Jordan, Chief Prosecutor; and Dallas L. Hawkins, Assistant City Prosecutor, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Eric A. Hess, was sentenced to a term of community-control sanction by both the Cleveland Municipal Court and the Cuyahoga County Court of Common Pleas. Hess appeals the October 17, 2022

judgment of the Cleveland Municipal Court denying his motion to terminate probation in that court.

{¶ 2} On June 30, 2021, Hess was convicted of a misdemeanor of the first degree. He was sentenced to a term of 180 days in jail and placed on community control for a period of three years. While on community control, Hess pleaded guilty to several felony offenses in the Cuyahoga County Common Pleas Court and was sentenced to a three-year term of community control. *State v. Hess*, Cuyahoga C.P. No. 661432 (Mar. 7, 2022). When sentenced, Hess was notified that upon a violation of the terms and conditions of his community control he could receive a potential prison term of 42 months. *Id.*

{¶ 3} On October 13, 2022, Hess filed a motion in the Cleveland Municipal Court seeking to terminate his probation because he faced a longer potential term of incarceration in his felony case in Cuyahoga County Common Pleas Court. The Cleveland Municipal Court denied his motion on October 17, 2022. Hess raises one assignment of error and argues that R.C. 2951.022 required the Cleveland Municipal Court to terminate his supervision because he was under supervision and faced a longer possible term of incarceration from the Cuyahoga County Court of Common Pleas. The city of Cleveland does not dispute the application of R.C. 2951.022 in this appeal.

{¶ 4} R.C. 2951.022 provides in relevant part:

(A) As used in this section:

(1) "Concurrent supervision offender" means any offender who has been sentenced to community control for one or more misdemeanor violations or has been placed under a community control sanction pursuant to section 2929.16, 2929.17, 2929.18, or 2929.20 of the Revised Code and who is simultaneously subject to supervision by any of the following:

(a) Two or more municipal courts or county courts in this state;

(b) Two or more courts of common pleas in this state;

(c) One or more courts of common pleas in this state and one or more municipal courts or county courts in this state.

\* \* \*

(B) (1) Except as otherwise provided in divisions (B)(2), (3), and (4) of this section, a concurrent supervision offender shall be supervised by the court of conviction that imposed the longest possible sentence of incarceration and shall not be supervised by any other court.

{¶ 5} When Hess was placed on community-control sanctions in the Cuyahoga County Court of Common Pleas, he became a "concurrent supervision offender." R.C. 2951.022(A)(1)(c). Concurrent supervision offenders "shall be supervised by the court that imposed the longest possible sentence of incarceration and shall not be supervised by any other court." R.C. 2951.022(B)(1).

{¶ 6} Hess is under supervision by both the Cleveland Municipal Court and the Cuyahoga County Court of Common Pleas and is subject to a longer possible sentence of incarceration for his felony offenses. Pursuant to R.C. 2951.022(B)(1), the Cleveland Municipal Court cannot concurrently supervise Hess. Upon Hess's motion, the Cleveland Municipal Court should have terminated its supervision of Hess. *See State v. Grant*, 1st Dist. Hamilton Nos. C-150608 and C-150609, 2016-

Ohio-7857, ¶ 12-15 (Court declined to reverse community-control violation sanction from municipal court because record did not indicate concurrent supervision offender faced a longer possible sentence in court of common pleas for a felony offense.).

{¶ 7} Accordingly, the sole assignment of error is sustained, the judgment of the Cleveland Municipal Court is reversed, and the case remanded so that the Cleveland Municipal Court can terminate its supervision of Hess.

{¶ 8} Judgment reversed, and case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR